## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**TERRAL J. FRIERSON, et al.**                    **CIVIL ACTION**

**VERSUS**                                        **NO. 25-1593**

**OCHSNER MEDICAL CENTER–**                       **SECTION: "G"(5)**
**NORTHSHORE, LLC, et al.**

## ORDER AND REASONS

Before the Court is Defendants Ochsner Medical Center–Northshore, LLC, Laurie Ann
Bishop, M.D., Ernest C. Hansen II M.D., and Dee Malkerneker, M.D.'s (collectively,
"Defendants") Motion to Dismiss.[1] In this litigation, Plaintiffs Terral Frierson and Marsha Frierson
(collectively, "Plaintiffs") seek damages for medical malpractice related to Defendants alleged
failure to diagnose and properly treat a kidney stone during a visit to Ochsner Medical Center–
Northshore Emergency Department on November 15, 2021.[2] Defendants argue that Plaintiffs'
claims are premature as they failed to comply with the requirements of the Louisiana Medical
Malpractice Act.[3] Plaintiff filed a response to the motion arguing that the case is not premature
because the medical review panel failed to render a decision within one year.[4]

Plaintiffs originally filed a complaint with the Louisiana Patient's Compensation Fund on
November 8, 2023.[5] On August 1, 2024, an attorney chair was appointed pursuant Louisiana

---

[1] Rec. Doc. 13.

[2] Rec. Doc. 1.

[3] Rec. Doc. 13-1.

[4] Rec. Doc. 15.

[5] Rec. Doc. 1 at 4.

1

Revised Statute § 40:1231.8(A)(2)(c).[6] On July 31, 2025, Defendants filed a Motion to Extend the Life of Panel.[7] The motion was set for hearing on November 7, 2025 in the 22nd Judicial District Court for the Parish of St. Tammany.[8] While that motion was pending, Plaintiffs filed a Complaint in this Court.[9] Thereafter, on December 2, 2025, the state court issued a written judgment granting the motion and extending the medical review panel proceedings for six months or until June 2, 2026.[10]

Louisiana law requires that medical malpractice claims must be administratively considered by a medical review panel before a lawsuit is filed.[11] "If a plaintiff sues first, and then submits his claim to a medical review panel, his case may be dismissed as premature, which is a dismissal without prejudice."[12]

Louisiana Revised Statute § 40:1231.8(B)(1)b) provides:

> [I]f an opinion is not rendered by the panel within twelve months after the date of notification of the selection of the attorney chairman by the executive director to the selected attorney and all other parties, suit may be instituted against a health care provider covered by this Part. However, either party may petition a court of competent jurisdiction for an order extending the twelve-month period in this Subsection for good cause shown.

Under Louisiana law, a timely filed motion to extend the life of panel, along with the trial court's granting of the motion, prevents the dissolution of the medical review panel.[13]

---

[6] Rec. Doc. 13-3.

[7] Rec. Doc. 13-4.

[8] Rec. Doc. 17-1.

[9] Rec. Doc. 1.

[10] Rec. Doc. 17-1.

[11] La. Rev. Stat. § 40:1231.8(B)(1)(a)(i) ("No action against a health care provider . . . may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel. . . .").

[12] *See Englande v. Smithline*, 206 F. Supp. 2d 815, 817 (E.D. La. 2002).

[13] *See Crabtree v. Vockroth*, 01-1286 (La. App. 5 Cir. 9/30/02), 827 So. 2d 525, 526, *writ denied sub nom. Med. Rev. Panel of Crabtree v. Vockroth*, 02-2835 (La. 1/31/03), 836 So. 2d 77.

Defendants filed a motion to extend the life of the medical review panel on July 31, 2025, the day before the panel was set to expire.[14] On December 2, 2025, the state court granted the motion, extending the panel through June 2, 2026.[15] Therefore, the medical review panel remains pending, and the instant case must be dismissed as premature.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss[16] is **GRANTED.** The above-captioned matter is **DISMISSED WITHOUT PREJUDICE** as it is premature.

**NEW ORLEANS, LOUISIANA**, this ___30th___ day of December, 2025.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[14] Rec. Doc. 13-4.

[15] Rec. Doc. 17-1.

[16] Rec. Doc. 13.

3